```
              IN THE DISTRICT COURT OF THE UNITED STATES
                  FOR THE DISTRICT OF SOUTH CAROLINA
                         GREENVILLE DIVISION
```

| | |
|---|---|
| Michael L. Jones, #237769  )<br>                           )<br>                Petitioner, )<br>                           )<br>         v.                )<br>                           )<br>Warden of Lieber           )<br>Correctional Institution, )<br>                           )<br>                Respondent.)<br>                           ) | Civil Action No.8:06-2545-GRA-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the respondent's motion for summary judgment.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on September 13, 2006. On November 8, 2006, the respondent moved for summary judgment. By order filed November 9, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On December 18, 2006, the petitioner filed a response.

**PROCEDURAL FACTS**

The petitioner is currently a state prisoner housed in the Lieber Correctional Institution. In September 2000, the Bamberg County Grand Jury indicted the petitioner for armed robbery and possession of a firearm or knife during the commission of or attempt to commit a violent crime. (PCR App. 113, 116.) The petitioner waived Grand Jury presentment on charges of possession of a sawed-off shotgun and assault of a high and

aggravated nature ("AHAN"). (PCR App. 5, 118, 121.) On September 26, 2000, the petitioner, who was represented by attorney Michael Tanner, pled guilty to robbery, AHAN, and possession of a sawed-off shotgun. The Honorable William Keesley sentenced the petitioner to fifteen years imprisonment for the robbery, ten years for possession of a sawed-off shotgun, and ten years for the AHAN, to run consecutively. The petitioner did not file a direct appeal. (PCR App. 14.)

On January 12, 2001, the petitioner filed an application for post-conviction relief ("PCR"), in which he alleged the following grounds for relief:

1. Ineffective assistance of counsel;

2. Involuntary guilty plea/denied of right of direct appeal; and

3. Unintellectual guilty plea/misconcept of plea.

(PCR App. 17.) On April 4, 2001, the petitioner filed amendments to his PCR application raising the following additional grounds for relief:

1. Court lacked jurisdiction to sentence because plea was illegally coersed (by Solicitor with Trial Counsel criminally aiding in its use to coerse and extort Guilty plea which was not filed in any manner;

2. Ineffective assistance of counsel (constituting denial of counsel).

3. Solicitor misconduct to fraud; and

4. Racial discrimination/targeting.

(PCR App. 23.) On January 23, 2002, a PCR hearing was held before the Honorable Rodney A. Peeples and the petitioner was represented by attorney Evert Comer. On June 3, 2002, Judge Peeples dismissed the petitioner's claims with prejudice. (PCR App. 106-111.) The plaintiff filed a timely notice of appeal. (PCR app. 112.) The petitioner's counsel filed a petition to be relieved as counsel and a *Johnson*[1] petition in which he raised only the

---

[1] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

issue whether the petitioner's guilty plea complied with the mandates set forth in *Boykin v. Alabama.*[2] (Resp.'s Mem. Supp. Summ. J. Mot. Ex. 2 at 4.) On April 24, 2003, the South Carolina Supreme Court denied the petitioner's petition for a writ of certiorari and granted counsel's request to withdraw. (*Id.* at 19.)

On June 9, 2003, the petitioner filed a second PCR application in which he raised the following ground:

> Court's lack of subject matter jurisdiction to accept plea of guilt cause (sic) no valid written waiver of presentment of indictment before Grand Jury was never given.

(*Id.* at 24.) On September 23, 2003, the State moved to dismiss on the ground that the petitioner's application for PCR was successive to his 2001 application and barred by the statute of limitations. On August 26, 2004, the Honorable Reginald I. Lloyd held a hearing on the State's motion to dismiss. The petitioner was present at the hearing and represented by attorney William Rhoad, IV. (*Id.* at 36.) On November 5, 2004, Judge Lloyd denied the petitioner relief and dismissed his PCR application with prejudice finding it was barred by the statute of limitations and successive. (*Id.* at 49-54.) A timely notice of appeal was served and filed. On May 20, 2005, the petitioner filed a *Johnson* petition for Writ of Certiorari raising the following issue: The PCR court erred in denying petitioner's application as successive. (Resp.'s Mem. Supp. Summ. J. Mot. Ex. 2 at 69.) The petitioner filed a pro se petition for Writ of Certiorari on June 17, 2005. On July 20, 2006, the South Carolina Supreme Court denied the petitioner's petition for a writ of certiorari. (*Id.* at 76.)

The petitioner filed this habeas action on September 13, 2006, alleging the following:

---

[2]395 U.S. 238 (1969).

3

> Ground One: Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant. Court's lack of subject matter jurisdiction.
> Supporting Facts: Petitioner never had a warrant nor grand jury indictment for charge plead to of assault of a high and aggravated nature . . .
>
> Ground Two: Same as Ground One.
> Supporting Facts: Petitioner was indicted for possession of a weapon during the commission of a violent crime. Prosecution upgraded the nature of the offense to possession of a sawed off shotgun in which petitioner was never indicted for.

(Pet. 5.) The respondent has filed a motion for summary judgment on the ground that this habeas action is barred by the statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Resp. Mem. Supp. Summ J. Mot. at 6.)

## **APPLICABLE LAW**

### SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the

movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## **DISCUSSION**

The respondent asserts that this habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

5

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not at the end of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. Thus, if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe*, 257 F.3d 395 (4th Cir. 2001).

As noted above, the statute of limitations for filing a habeas action is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the State PCR process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee*, 196 F.3d 557, 561 (4th Cir. 1999). However, a State PCR proceeding must be "properly filed" for the statutory tolling provisions of § 2244(d)(2) to apply. "When a post-conviction petition is untimely under state law, it is not considered "properly filed" and

'that [is] the end fo the matter' for purposes of § 2244(d)(2)." *Pace v. DiGulielmo*, 544 U.S. 408, 414 (2005)(*quoting Carey v. Saffold*, 536 U.S. 214, 236 (2002)).

The petitioner pled guilty on September 26, 2000. He did not file a direct appeal. His conviction and sentence thus became final on October 6, 2000, when the ten-day time period permitted for filing a direct appeal in the case expired. After a little over three months, the petitioner filed his first PCR application on January 12, 2001, tolling the statute of limitations. The statute of limitations was tolled until April 24, 2003, when the South Carolina Supreme Court denied the petitioner's petition for a writ of certiorari to review the denial of his first PCR application. The petitioner filed this habeas action over three years later in September 2006, clearly beyond the one-year statute of limitations.

The petitioner contends his second PCR also tolled the statute of limitations. (Pet.'s Mem. Opp. Summ. J. at 3.) The petitioner filed a second PCR on June 9, 2003. However, this second PCR application was dismissed as successive and untimely and the South Carolina Supreme Court denied the petitioner's petition for a writ of certiorari to review the denial. Here, because the South Carolina Supreme Court clearly ruled the petitioner's second PCR application was successive and untimely,[3] the filing of the second PCR did not toll the statute of limitations. *Pace*, 544 U.S. 408. Furthermore, the petitioner does not argue that he is entitled to equitable tolling and, indeed, it does not appear that he is so entitled.[4]

---

[3]Although the South Carolina PCR court also addressed the petitioner's subject matter jurisdiction issue, this would not toll the statute of limitations. The South Carolina PCR courts clearly ruled the petitioner's second PCR was untimely and successive ending the matter of tolling. *Pace*, 544 U.S. at 414 (holding if state court clearly ruled the PCR untimely, " that would be the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits.")

[4]In *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000), the Fourth Circuit Court of Appeals held:

"As a discretionary doctrine that turns on the facts and circumstances of a

7

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the respondent's Motion for Summary Judgment be GRANTED and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

_____
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

May 2, 2007
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

---

particular case, equitable tolling does not lend itself to bright-line rules." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The doctrine has been applied in "two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Id.* at 330.

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>P.O. Box 10768
>Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).